## WILLIAM SILVERS and MARY, his Wife, ISAIAH HEISLER and MARGARET, his Wife, and ELIZABETH JAMESON v. MARY JONES and JAMES PATTEN, Executors of Morgan Jones.

Orphans' Court. New Castle. August, 1821.

*Ridgely's Notebook III, 431.*

*Wales* for appellant.  *Vandyke* for defendant.  .  .  .

Margaret Knaresborough, the testatrix, was indebted to Abel Glasford by her single bill dated June 10, 1797, in the sum of £28.16.9, payable on demand.  She made her will in writing on August 24, 1799, which was proved April 23, 1800, whereby she bequeathed to the said Abel Glasford seventy-five pounds to be paid out of the monies coming to her from the estate of Mary Evans.  She also bequeathed to several other persons sums of money to be paid out of the monies coming to her from the estate of Mary Evans, deceased, as soon as it should be recovered, and then devised the residue of said money.  She also bequeathed thus:  *"Imprimis,* I do order and allow all my lawful and just debts shall be paid."  Margaret Knaresborough had commenced a suit in the Court of Chancery for this money due to her from Mary Evans in her life;  after her death a recovery was had to the amount of $2123.71½.  The question is whether this legacy to Abel Glasford is to be deemed a satisfaction of the debt she owed him.

*Mr. Vandyke* in the negative, that is, that the legacy is not a satisfaction of the debt. 1 Salk. 155, *Cathbert v. Peacock,* a case where legacy did not satisfy a debt, but there, there was proof of kindness. 1 Atk. 427, 428, *Bellasis v. Uthwait,* thing given in satisfaction must be of the same nature and as certain; contingent legacy not satisfaction. 4 Ves.Jr. 483, *Tolson v. Collins,* as to a presumed satisfaction of a debt by a legacy, there is no distinction between the cases of parent and child and of strangers; therefore circumstances of difference, as that the legacy given by the parent is contingent, are laid hold of to prevent the application of the rule of satisfaction. 3 Ves.Jr. 462, *Barclay v. Wainright,* slight circumstances [prevent application of the] absurd rule that legacy is meant to extinguish debt. 3 Ves.Jr. 516, *Hinchcliff v. Hinchcliff,* the court will lay hold of any little circumstance to get out of the rule that a debt is satisfied by an equal [legacy].

## Friday, August 24.

*Mr. Vandyke* cites 1 P.Wms. 408, *Chancey's Case;* one being indebted to his servant for wages in £100, gives her a bond for this £100 as due for wages, and afterwards by will gives her £500, for her long and faithful services. This is not a satisfaction of the bond. Testator devised that all his debts and legacies should be paid. 2 Atk. 300, *Nichols v. Judson,* contingent legacy not satisfaction. 3 Atk. 65, *Richardson, Administratrix, v. Grees,* circumstances sufficient to take away presumption that legacy was given in satisfaction of the debt. 1 Ves.Sr. 521, *Barret v. Beckford,* the satisfaction should be of the same nature and certainty. 2 Ves.Sr. 635, *Mathews v. Mathews,* any minute circumstance takes it out of the rule. In the present case there is a general order to pay the debts. Secondly, the testatrix knew the debt claimed from Mary Evans was in controversy. Third, she defers the payment of this legacy till the money is recovered from Mary Evans. Fourth, the fund was uncertain.

*Mr. Wales* for appellant. The legacy is a satisfaction of the debt. It appears from [the] will that testatrix had a small personal· estate. Appraisement amounted to $143.31. The debts she owed exceeded this sum and all her other personal estate, except the debt due to her from Mary Evans. [The] will [was] not formally drawn, not written by herself. The debts and legacies were to be paid from same fund. She gave away her clothes and some teaspoons. The money coming from Mary Evans' estate is not a contingent legacy, nor is the legacy uncertain. 1 P.Wms. 778, where legacy is payable from particular fund, legacy is not defeated though fund fails. Amb. 309 [same point]. 2 Bro.C C. 108, legacy and debt are of same nature; the same fund for

both. There were debts due from her to amount of £100 or more, independent of this debt of Glasford. The pecuniary legacies amount to £550. Residue given to daughters of William Weir. She expected some residue to go to Weir's children. No circumstance to bring this case within the exceptions mentioned, and therefore the general rule that this legacy must be taken as satisfaction must prevail.

First, this legacy is not made payable at a future day. Second, this legacy is not contingent, for the money due to her from Mary Evans was charged with payment. It was not a doubtful claim. This debt existed more than two years previous to the death of the testatrix, and two years before the date of the will. The legacy exceeded in amount the debt. 2 Vern. 498, *Brown v. Dawson.* Prec.Ch. 239, devise taken in satisfaction of debts. Com.Dig. 408. 2 Vern. 555, will must be performed throughout. 2 Vern. 709, *Blandy v. Whigmore.* 3 Atk. 419, *Lee v. Cox et al.,* court leans against double portion. Husband had agreed to provide for wife. She cannot take under the agreement and by Statute of Distribution. 5 Brown P.C. 567, cited in note to Talb. 130, question whether the custom of London shall prevail against a will. The orphanage share cannot be disposed of by will. Must take under custom, or by will; not in both ways. Swin.Wills 350, 355, 356, referred to but not read. Satisfaction of a legacy by a portion shall be presumed where the evidence is not sufficient to rebut the presumption. 10 Johns. 156, two legacies in same will not cumulative, otherwise if given by codicil. 2 Com.Dig. [Dublin Edition, 1785] 275 Chancery (3y), devise of a legacy equal to or greater than debt is to be taken in satisfaction. As to case in Salk. 155, there were assets sufficient to pay debts and legacies and proof of great kindness to the legatee. All the cases cited were stronger than this, not one that there was not a clear intention that legacy should not be a satisfaction for the debt. This debt must be rejected.

*Mr. Vandyke* for respondent. The testatrix supposed she had estate to pay all her debts and legacies. She gives clothes after paying debts. And so after paying legacies, she gives residue of money to be recovered from Mr. Evans. In Vernon the husband contracted to give annuities to amount of £14 by will; he does so, satisfaction of contract. 2 Vern. 555, he gave away whole estate by will, therefore wife to take only by will. Swin.Wills 709, he performs by will his covenant. The other cases go on the principle that there are no circumstances to break in upon the rule of law. 2 Atk. 301, *Nichols v. Judson,* goes on intention. We had a right to demand this debt in life of testatrix. Suppose it were paid immediately by executor, the legacy could not be abated.

The fund to pay the legacy was not in hand, it was in controversy; legacy postponed till recovery.

THE CHANCELLOR.    There are two principal questions.    The first is whether the bequest of a legacy to Abel Glasford of £75 is to be deemed a satisfaction of the debt which the testatrix owed him.    The second is whether the legacy given "to the Baptist Church known by the name of the Welch Tract Church," is void.

As to the first.    The testatrix was indebted to the legatee, Abel Glasford, by her single bill dated June 10, 1797, in the sum of £28.19.6, payable on demand.    She made her will in writing August 24, 1799, which was proved April 23, 1800, whereby she ordered all her lawful and just debts to be paid.    She then bequeathed to Elizabeth Weir her clothes "and what of her moveable effects might be left after paying her debts."    Then after disposing of some silver teaspoons she says, "I do give to Samuel Smith McKee £150 to be paid to him out of the money coming to me from the estate of Mary Evans, deceased, to be paid to the said Samuel Smith McKee as soon as it shall be recovered.    I do give to Abel Glasford £75 out of the monies coming to me from the estate of Mary Evans."    She then gave to Abigail Giles £25; to Margaret Walker £25; to Mary Toppin £25, all of which sums of money were to be paid out of the monies coming to her from the estate of Mary Evans, deceased.    She then gave "to the Baptist Church known by the name of the Welch Tract Church the sum of £200 to be paid out of the monies coming from Mary Evans' estate, if there should be so much after the other legacies are paid."    And then she says, "if there should be any remainder of my estate after paying the legacies as aforesaid, it is my will that it should be equally divided between the three daughters of William Weir, namely Elizabeth, Margaret and Sarah Weir."

Abel Glasford died a year or two after the testatrix, who in her lifetime had filed a bill in the Court of Chancery to recover the money due to her from the estate of Mary Evans, deceased. And after her death the money was recovered, and on December 14, 1808, it was actually paid to Morgan Jones, the administrator with the will annexed, to the amount [of] $2123.71½.    The administrator with the will annexed paid to the administrator of Abel Glasford his debt and legacy, and also paid to the Baptist Church the legacy of £200.    Exceptions have been to the payment of the debt which the testatrix owed to Abel Glasford, on the ground that the legacy was a satisfaction, and to the payment of the legacy to the Baptist Church.

It is a rule of law that when a debtor bequeaths to his creditor a sum of money equal to, or greater than, the debt he owes him,

such legacy shall be deemed a payment or satisfaction of the debt. But this rule admits of many exceptions; as if there be a difference in the times of payment, so that the legacy may not be as beneficial as the debt. *Atkinson v. Webb,* Prec.Ch. 236. And in *Nichols v. Judson,* 2 Atk. 300, it was held that the legacies being made payable in one or two years after the testator's death was a considerable circumstance and showed strongly that it was not the intent of the testator that it should go in satisfaction of the debt, for the bond was payable immediately, and the testator had no right to suspend the payment of the debt, though he might suspend the payment of the legacy. This circumstance, it was adjudged, took the case out of the general rule.

Here the debt was due to A. Glasford immediately, before the death of the testator, and the payment of the legacy depended upon the recovery of the money from the representative of Mary Evans, so that if this legacy were to be taken as a payment of the debt, the testatrix would have postponed it to an uncertain, distant period, which she could not do. And in *Matthews v. Matthews,* 2 Ves.Sr. 635, the Master of the Rolls said "The thing in satisfaction should be as certain as to the duration and commencement of it, otherwise though ten times larger given by the will, it will not be held a satisfaction." Now, it was altogether uncertain when this legacy would be recovered. The bill was filed against Mary Evans' representative in this Court, November, 1798, and the decree was not made until March, 1807, and the money was not actually paid to Mr. Jones until December 14, 1808. The testatrix takes notice that this money was not in hand, and she knew at the time of making her will that if her death happened at any short period after its date, the money could not be paid in time to satisfy the debt, if it were immediately required. In *Clark v. Sewell,* 3 Atk. 96, where the payment was postponed one month only after the testator's death, Lord Hardwicke said that that was a circumstance that the plaintiff had a right to lay hold of to take that out of the cases that had been deemed a satisfaction. For, according to the rule of this Court, a legacy that ought to be deemed a satisfaction must take place immediately after the death of the testator; for the debt, whether of a principal sum or interest, is due at the death of the testator, and therefore the legacy must be so too. I refer also to the case of *Haynes v. Mies,* 1 Bro.C.C. 129 and *Peacock v. Falkner,* 1 Bro.C.C. 295.

In *Hinchcliff v. Hinchcliff,* 3 Ves.Jr. 516, 529, and in many other cases, this rule, that a legacy is a satisfaction of a debt, is spoken of with regret, but, being clearly established, it is to be adhered to, though any little circumstances are laid hold of by the

Court to take a case out of the rule. The circumstance in this case is not a little one, for it is evident that the administrator *cum testamento annexo* could not pay the legacy until after litigation in Chancery. The fund should be recovered from which the legacy was to be paid. In this will there is an express provision for payment of debts. And in the bequest of the legacy, that is ordered to be paid out of money to be recovered from the representative of Mary Evans, so that it is evident the testatrix intended the debt should be paid at all events, and the legacy to depend on the recovery to be made. And it is fairly to be inferred that the testatrix did not intend to substitute the legacy for the debt. She intended a greater benefit to Mr. Glasford than the payment of the debt. The debt was provided for immediately; the legacy was postponed to [a] remote period not within the power of the parties to hasten beyond the ordinary course of legal proceedings. Upon the whole, I am of opinion that this legacy is not a satisfaction of the debt, and that this exception ought not to prevail.

The bequest to the Baptist Church depends on the proper construction of the Act of Assembly "to enable all the religious denominations in this state to appoint Trustees, who shall be a body corporate, for the purpose of taking [care of] the temporalities of their respective congregations," 2 Del.Laws 878. The Act declares that all gifts, etc. Now this is not a gift of money to be laid out in the purchase of any lands, etc., and consequently is not within the provision of the Statute. The prohibition of this section extends to gifts, etc., of realty, or of personal estate to be laid out, or disposed of, in the purchase of lands, tenements, rents or other hereditaments; and does not, either in the meaning of the legislature, or by the words of the Act, extend to a mere bequest of money to a religious society. This Act is almost in the language of 9 Geo. II, c. 36, which has never been construed to embrace a gift or devise of money, goods, chattels, stocks in a public fund, securities for money, or any other personal estate not to be laid out, or disposed of, in lands, tenements, rents or other hereditaments. There is some little difference between the two laws. I am very clear that the bequest to the Baptist Church, known by the name of the Welch Tract Church, of these £200 is a good devise.

None of the exceptions are allowed, except to the commissions, which are excessive. Eight per cent on $2456.22 will amply compensate the administrator. There have been eighty-six dollars and ninety-two cents allowed beyond what is right. Such excess ought to be charged to the administrator, and his representative to pay the costs.

NOTE. Bequest, money to build or repair on land already in mortmain, not within the Statute 9 Geo. II, c. 36: 2 Ves.Sr. 182; Amb. 614, 651, 751; 1 Bro.C.C. 444; 3 Bro.C.C. 588, 595. See 2 Ves.Sr. 647, 3 Atk. 806, 4 Bro.C.C. 526. Land cannot be devised nor money willed to purchase land, nor mortgages nor anything which partakes of realty. See above cases and Amb. 20, 614, 635, 643; 1 Ves.Jr. 548; 2 Ves.Jr. 238; 4 Ves.Jr. 21, 418; 6 Ves. Jr. 404; 8 Ves.Jr. 186; 9 Ves.Jr. 535.